# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KENNETH W. BLAIR,

                    Petitioner,

        v.                                    CASE NO. 09-3046-RDR

C. CHESTER,

                    Respondent.


# O R D E R

Petitioner initiated this action with a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging error by the Bureau of Prisons (BOP) in determining that petitioner was ineligible for early release from his sentence after successfully completing the Residential Drug Abuse Treatment Program. Petitioner also alleges the BOP rule applied in making that determination violated the Administrative Procedures Act.

Before the court is respondent's motion to dismiss the petition as moot because petitioner has been released upon expiration of his sentence. Petitioner filed no response, and the record contains respondent's notice to the court that the copy of respondent's motion mailed to petitioner was returned as undelivered mail.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 133 F.3d 690, 691 (10th Cir.1998). The "case or controversy" requirement exists throughout the litigation of a case. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a prisoner's sentence

has expired, "some concrete and continuing injury...must exist if the suit is to be maintained." *Id*. In the present case, there is no showing or facts to suggest that petitioner remains subject to any collateral consequences adequate to meet the injury-in-fact requirement of Article III. Accordingly, the court concludes this matter should be dismissed as moot.

IT IS THEREFORE ORDERED that respondent's motion (Doc. 11) is granted, and that the petition is dismissed as moot.

DATED: This 31st day of March 2011, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge